IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHASIRAE HARVEY | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-352 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Shasirae Harvey, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the calculation of his federal sentence.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. (Doc. #11.) Petitioner has filed two Responses to the Motion. (Doc. #15 and Doc. #16.) This Report and Recommendation considers the merits of Respondent's Motion and Petitioner's Responses.

Procedural History

Petitioner is in custody pursuant to a judgment entered in the United States District Court for the Western District of Texas. Petitioner was serving a two-year sentence imposed by a state court when he was taken into federal custody via a writ of *habeas corpus ad prosequendum* on October 19, 2016. Petitioner was convicted in the Western District of Texas of possession with intent to distribute cocaine base and being a felon in possession of a firearm. On April 13, 2017, Petitioner was sentenced to eighty-five months of imprisonment, and he was returned to state custody on May

11, 2017. Petitioner discharged his state sentence on December 27, 2017, and then was taken into federal custody to begin serving his federal sentence.

After Petitioner was taken into federal custody to serve the federal sentence, the Bureau of Prisons prepared a sentence computation. The Bureau of Prisons determined that Petitioner's federal sentence commenced on December 27, 2017, the date on which he was received into exclusive federal custody. Petitioner received prior custody credit from September 4, 2015, through September 6, 2015, because that time had not been credited to his state sentence. Petitioner contends that he should also have been granted credit from October 19, 2016, through May 11, 2017, because he was in federal custody pursuant to a writ of *habeas corpus ad prosequendum* during that time.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech. Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech.*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v.*

*Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

## Analysis

A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A federal sentence cannot commence prior to the date it is imposed, even if it is ordered to run concurrently with a previously-imposed sentence. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

A defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins. The statute provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The statute authorizes credit only for time that has not been credited toward another sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Wilson*, 503 U.S. at 333-34; *Leal,* 341 F.3d at 428.

3

The Bureau of Prisons correctly concluded that Petitioner's sentence commenced on the date he was taken into exclusive federal custody to begin serving his federal sentence, with credit for three days Petitioner spent in custody that was not credited toward his state sentence. Because the remainder of the time he spent in custody between his arrest on state charges and the date he discharged his state sentence was credited toward his state sentence, he is not entitled to also have the time credited toward his federal sentence. *See United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). Further, Petitioner is not entitled to credit for the time he spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, because it was credited toward his state sentence. *Lopez v. Jeter*, 170 F. App'x 894, at *1 (5th Cir. 2006).

Petitioner contends he is entitled to credit toward his federal sentence for time he spent in state custody in accordance with *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). Under *Barden*, the Bureau of Prisons may indirectly award credit toward a federal sentence by designating *nunc pro tunc* the state prison as the facility where a prisoner serves part of his federal sentence. *Barden*, 921 F.2d at 480. A *nunc pro tunc* designation is only appropriate if the federal sentence was imposed before the state sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). In this case, *Barden* does not apply because Petitioner's federal sentence was imposed after his state sentence.

The competent summary judgment evidence shows that the Bureau of Prisons properly calculated Petitioner's federal sentence. Because Petitioner is not entitled to habeas relief, Respondent's Motion for Summary Judgment should be granted.

## Recommendation

Respondent's Motion for Summary Judgment should be granted, and the Petition for Writ of Habeas Corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 24th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE